(C. D. 660)

EDWIN R. WAKEFIELD *v.* UNITED STATES

United States Customs Court, Second Division

(Decided March 18, 1942)

*Edwin R. Wakefield* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*William J. Vitale* and *Robert C. O'Grady,* special attorneys), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at Rouses Point, a subport of the port of Ogdensburg, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation entered as "Forged steel rings (partly manufactured) raceways for anti-friction bearings." Duty was

levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 8 cents per pound and 35 per centum ad valorem under the provision in paragraph 321 of the Tariff Act of 1930 for "metal ball or roller bearings, and parts thereof, whether finished or unfinished, for whatever use intended," as modified or amended by virtue of the trade agreement between the United States and Sweden promulgated in T. D. 47785, 68 Treas. Dec. 19; or, alternatively, at the rate of 25 per centum ad valorem under the provision in paragraph 319 (a) of said act for "forgings of iron or steel, or of combined iron and steel, not machined, tooled, or otherwise advanced in condition by any process or operation subsequent to the forging process, not specially provided for," plus 4 per centum ad valorem additional duty under paragraph 305 (1) of said tariff act as modified and amended by said Swedish Trade Agreement.

At the first hearing, held at Ogdensburg, N. Y., on July 8, 1941, before Oliver, Presiding Judge, the case was transferred to the port of Detroit.

At the second hearing, held at Detroit on October 14, 1941, before Cline, Judge, the plaintiff identified samples of the merchandise at bar which were admitted in evidence as exhibits 1 to 15 inclusive. He then offered in evidence the testimony of four witnesses. The first, Leroy D. Gable, general superintendent of the Timken Roller Bearing Co. of Canton, Ohio, who testified that exhibits 1 to 15 inclusive were unfinished antifriction bearing parts, and that said parts have been definitely committed to the purpose of making inner and outer raceways for ball bearings.

On cross-examination the witness testified that the material of which articles represented by exhibits 1 to 15 inclusive were made was a type of steel known as "Society of Automotive Engineers' Grade 52100"; and that said articles had been forged and annealed.

The plaintiff's second witness, Albert E. Fawley, an engineer in the employ of the Marlin-Rockwell Corporation, manufacturers of ball bearings, testified that he had examined exhibits 1 to 15 inclusive; that they were all unquestionably parts of roller bearing races, and that they were definitely committed to that purpose.

The plaintiff's third witness, Earle R. Vance, chief chemist in the employ of the Timken Roller Bearing Co., testified that the articles represented by exhibits 1 to 15 inclusive were undoubtedly unfinished parts of antifriction bearings commonly known as raceways or races.

The plaintiff's fourth witness, Arthur G. Marsh, production engineer in the employ of the "New Departure," a subsidiary of General Motors, with plants at Bristol and Meriden, Conn., testified that the articles represented by exhibits 1 to 15 inclusive were unfinished bear-

ing parts known as raceways, and that the chief use of said articles was in the manufacture of roller bearings.

At the close of the testimony, the case was transferred to the port of New York.

On November 19, 1941, by order of Cline, Judge, the exhibits, 1 to 15 inclusive, were transmitted to the Government analyst at the port of New York for analyses as to the constituent materials therein, and on November 27, 1941, the Government chemist made the following report which, by stipulation, was admitted in evidence as exhibit 16:

The samples consist of forged and machined steel rings of high carbon-chrome-steel. Their composition is that of the grade of steel used for the manufacture of ball bearings and ball races, and is within the limits of the specification of "SAE Steel #52100" which is as follows:

| | | |
|---|---|---|
| Carbon | 0.95–1.10% | Phosphorus 0.03 maximum |
| Manganese | 0.20–0.50% | Sulphur 0.03 maximum |
| | Chromium 1.20–1.50% | |

Analysis follows:

| Exhibit | Description | Manganese | Chromium |
|---|---|---|---|
| No. 1 | Rough Forging | 0.36% | 1.3% |
| No. 2 | Machined Ring | 0.37% | 1.4% |
| No. 3 | Rough Forging | 0.37% | 1.35% |
| No. 4 | Rough Forging | 0.37% | 1.2% |
| No. 5 | Rough Forging | 0.38% | 1.3% |
| No. 6 | Rough Forging | 0.36% | 1.3% |
| No. 7 | Rough Forging | 0.38% | 1.3% |
| No. 8 | Machined Ring | 0.37% | 1.3% |
| No. 9 | Rough Forging | 0.37% | 1.3% |
| No. 10 | Rough Forging | 0.38% | 1.3% |
| No. 11 | Machined Ring | 0.37% | 1.3% |
| No. 12 | Machined Ring | 0.40% | 1.4% |
| No. 13 | Machined Ring | 0.37% | 1.4% |
| No. 14 | Machined Ring | 0.38% | 1.4% |
| No. 15 | Rough Forging | 0.36% | 1.3% |

A composite sample shows:

| | |
|---|---|
| Silicon | 0.27% |
| Carbon | 1.1% |
| Phosphorus under | 0.02% |
| Sulphur under | 0.02% |
| Nickel | Trace. |

On January 7, 1942, the following stipulation was made and entered into by and between counsel for the respective parties hereto:

It is hereby stipulated and agreed, by and between the attorneys hereto, subject to the approval of the Court, that the report of the United States Chemist, No. A-20641/20655, dated New York, N. Y., 11/27/41 and signed by G. F. Stammler and H. W. Eckweiler, Assistant Chief Chemist, which said report is in the jacket containing the papers herein, be received in evidence as Exhibit No. 16.

It is further stipulated and agreed that the borings or holes shown in Exhibits 1 to 15 inclusive, were made by the United States chemist in making the analysis heretofore marked in evidence as Exhibit No. 16.

It is further stipulated and agreed that the protest may be submitted upon this stipulation and the record heretofore made for decision, and

It is further stipulated and agreed that the plaintiffs' attorney may have thirty days from the date hereof for the purpose of submitting a memorandum in support of his contention.

Dated New York, N. Y.,
*January 7, 1942.*

Upon this record we find that the merchandise at bar, represented by exhibits 1 to 15 inclusive, is unfinished metal parts of roller bearings, and as such is properly dutiable at the rate of 8 cents per pound and 35 per centum ad valorem under the specific provision therefor in paragraph 321 of the Tariff Act of 1930 as modified and amended by the said Swedish Trade Agreement, *supra*, as claimed by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.